# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA MARGARITA BARBA DE LA TORRE and ALEJANDRO DIAZ,<br><br>                    Plaintiffs,<br>   v.<br><br>JERRY L. ICENHOWER, et al.,<br><br>                    Defendants. | CASE NO. 09cv1161 BTM(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Defendants Jerry L. Icenhower and Donna Lee Icenhower move to dismiss Plaintiffs Martha Margarita Barba De La Torre and Alejandro Diaz's First Amended Complaint ("FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss the first, second, and fourth causes of action, and **DENIES** the Motion to Dismiss Plaintiffs' third cause of action for equitable subrogation and indemnity.

## I. BACKGROUND

On July 7, 2009, Plaintiffs filed their FAC. At that time, the original complaint, which was filed on May 29, 2009, had not been served on Defendants.

Plaintiffs allege that Defendants Jerry and Donna Icenhower (collectively "Defendants") defrauded them by indirectly selling to Plaintiffs a villa in Mexico that was subject to undisclosed encumbrances. The following are factual allegations of the Complaint

and are not findings of the Court. In 1995, Defendants purchased a beneficial interest in the villa from the Lonie Family Trust.[1] (FAC ¶ 16-17.) But Defendants failed to pay the purchase price, and in 2000 the Lonie Trust sued Defendants in the United States District Court for the Southern District of California. (FAC ¶ 17.) The Lonie Trust ultimately prevailed, and in 2003 the court entered judgment against Defendants. The judgment required them either to pay nearly $1.5 million for breaching the purchase agreement, or to reconvey the villa to the Lonie Trust. (FAC ¶ 19). The court further ordered Defendants to re-register a lien against the villa, which Defendants failed to do. (FAC ¶ 19-20.)

Before that judgment was entered, however, Defendants had already transferred their interest in the villa to Defendant Howell & Gardner Investors, Inc. ("H&G"), a Nevada shell corporation. (FAC ¶ 18.) Defendants received virtually no consideration for the transfer because, Plaintiffs allege, H&G was the Defendants' alter ego. (FAC ¶ 12.) H&G was never capitalized, never issued shares, and never transacted any business other than to sell the villa to Plaintiffs. (FAC ¶¶ 12, 18.) H&G, therefore, purportedly owned the beneficial interest in the villa when the court entered the 2003 judgment against Defendants.

Shortly after the $1.5 million judgment was entered, on December 15, 2003 Defendants filed a Chapter 7 Petition for bankruptcy, staying enforcement of the judgment. (FAC ¶ 20.) The bankruptcy trustee eventually discovered that Defendants had transferred the villa to H&G, and in August of 2004 the trustee filed a fraudulent conveyance action to avoid the transfer and return the villa to the bankruptcy estate. (FAC ¶ 23.) Soon thereafter, Defendants caused H&G to transfer its interest in the villa once again—this time to Plaintiffs for about $1.5 million. (FAC ¶ 21-22.) Plaintiffs paid this sum to Defendants and their associated entities. (Id.)

Plaintiffs allege that the Defendants made several false representations to Plaintiffs during the negotiations and in the purchase agreement for the villa, including that the villa had marketable title. (FAC ¶¶ 21, 35-38.)

In February of 2005, the trustee learned of the villa's transfer to Plaintiffs and

---

[1] The Lonie Family Trust is not a party to this action.

amended the adversary complaint to add them as defendants in the avoidance action. (FAC ¶ 24.) The court issued an injunction preventing Plaintiffs from transferring or encumbering the villa. (FAC ¶ 24.)

In June of 2008, the bankruptcy court issued Consolidated Findings of Fact and Conclusions of Law, which found, among other things, that H&G was Defendant's alter ego; that Defendant's bankruptcy estate and H&G should be consolidated nunc pro tunc to the petition date; that the transfer of the villa from Defendants to H&G was an avoidable, fraudulent transfer; and that the transfer of the villa from H&G to Plaintiffs was an avoidable, post-petition transfer. (FAC ¶ 28.) The court ordered Plaintiffs to reconvey the villa to a trust naming Kismet Acquisitions[2] the beneficiary, or, if Kismet preferred, to pay damages. (FAC ¶ 28.)

Plaintiffs appealed the bankruptcy court's order and did not immediately comply. (Id.) As a result, in November of 2008 the bankruptcy court held Plaintiffs in contempt and assessed nearly $1.5 million in coercive and remedial sanctions. (FAC ¶ 29.) Plaintiffs have appealed the contempt order. (Id.) Lastly, on November 25, 2008 Plaintiffs executed a form of agreement that the bankruptcy court deemed complied with its judgment. (FAC ¶ 29.)

Plaintiffs allege four causes of action against all Defendants: (1) fraud for misrepresentation in the sale of the villa from H&G to Plaintiffs; (2) imposition of a constructive trust on the purchase money Plaintiffs paid to Defendants; (3) equitable subrogation and indemnification for costs and penalties arising from the bankruptcy action; and (4) negligence per se for failing to comply with the 2003 order to re-register a lien on the villa and for failure to disclose timely the villa transaction in Defendants' bankruptcy case (against Defendants Jerry Icenhower and Donna Icenhower only).

Defendants Jerry and Donna Icenhower have moved to dismiss the FAC in its entirety under Fed. R. Civ. P. 12(b)(6), arguing that the four causes of action are time barred.

---

[2] Kismet Acquisitions is an entity that purchased the Lonie Trust's claims against the bankruptcy estate.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 1965.  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

In ruling on a motion to dismiss, court may take judicial notice of matters of public record that are not subject to reasonable dispute.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## III.  DISCUSSION

A.    Plaintiffs' First Cause of Action for Fraud

Under California law, the statute of limitations for fraud is three years. Cal. Civ. Proc. Code §§ 335, 338(d).  A cause of action for fraud accrues on the date of the aggrieved party's discovery of the facts constituting the fraud.  Cal. Civ. Proc. Code § 338(d).  Under the discovery rule, a cause of action for fraud can accrue when an aggrieved party has reason to suspect it has been defrauded.  See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005).  "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action."  Id.  Once suspicion exists, the "plaintiff must go

find the facts; she cannot wait for the facts to find her." Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1111 (1988). In order to benefit from the discovery rule, the plaintiff must plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. Fox, 35 Cal. 4th at 808.

Here, Plaintiffs' cause of action for fraud accrued in February of 2005 when Plaintiffs were added as defendants in the bankruptcy court avoidance action and served with the adversary complaint. It accrued on this date because the adversary complaint fully and clearly set forth the factual basis for Plaintiffs' current suit. The Court takes judicial notice of the allegations in the first amended adversary complaint, including that (1) Defendants transferred their interest in the villa to H&G days before a motion for a preliminary injunction preventing the transfer was to be heard in district court; (2) the transfer to H&G was for virtually no consideration; (3) Defendants failed to timely disclose to the district and bankruptcy courts the transfers of the villa; and (4) the district court had ordered Defendants to re-register a lien on the villa property. In re Icenhower (Davis v. Icenhower), No. 04-90392, at ¶¶ 16, 18, 26, 29-30, 34, 38 (Bankr. S.D. Cal. February 17, 2005) (first amended complaint for avoidance). Many of these facts directly contradict the Defendants' representations to Plaintiffs. Knowledge of these facts, including Defendants' deceit and the villa's non-marketable title, was sufficient to put Plaintiffs on notice that they had been defrauded by Defendants. Accordingly, their cause of action for fraud accrued when they received notice of the adversary complaint and its allegations, which was in February of 2005.

Plaintiffs do not argue that the facts in the adversary complaint were insufficient to give them notice. Nor do they argue that they failed to receive notice of the adversary complaint. Indeed, they filed objections in the adversary proceeding only a few days after they were joined in the adversary proceeding. Id. (objections filed on February 23, 2005). Instead, Plaintiffs argue that their cause of action accrued in June of 2008, when the bankruptcy court issued its Consolidated Findings of Fact and Conclusions of Law. Those findings determined that the transfer from Defendants to H&G, and the transfer from H&G

to Plaintiffs, were avoidable transfers. The findings, Plaintiffs contend, established a creditor/debtor relationship between Plaintiffs and Defendants, which was a necessary element of their action for fraud.

Plaintiffs further argue that if the bankruptcy court had declined to avoid the villa's transfer from H&G to Plaintiffs, Plaintiffs would not have been the victim of Defendants' fraud and they would still have possession of the villa. Thus, Plaintiffs conclude, the bankruptcy court's finding was necessary for their cause of action to accrue.

Plaintiffs' argument is incorrect for several reasons. First, the two cases they cite are inapplicable to their cause of action. Both cases address accrual of actions for fraudulent transfers, and hold that those causes of action accrue on the date a creditor-debtor relationship is created between the plaintiff and defendant. See Cortez v. Vogt, 52 Cal. App. 4th 917 (1997); Macedo v. Bosio, 86 Cal. App. 4th 1044 (2001). But those cases do not discuss, and have no bearing on, causes of action for fraud, which is what the Plaintiffs have alleged here. As discussed above, actions for fraud accrue pursuant to the discovery rule.

Second, Plaintiffs' focus on the existence of a creditor-debtor relationship is misguided. Although the existence of a creditor-debtor relationship is an element of a claim for fraudulent transfer, it is not an element of fraud. Compare Cal. Civ. Code § 3439.04 (setting forth elements of fraudulent transfer) with Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (setting forth elements of fraud). Thus, the existence of a creditor-debtor relationship is immaterial to the accrual of their fraud action. Moreover, and contrary to the Plaintiffs' assertion, the bankruptcy court's findings did not establish a creditor-debtor relationship between the Plaintiffs and Defendants; the findings merely supported its order to avoid the transfers and return the villa to the bankruptcy estate.

And third, Plaintiffs are wrong that they would not have a cause of action for fraud if the bankruptcy court had not avoided their purchase of the villa. Plaintiffs could have pled each element of fraud: Defendants knowingly made false misrepresentations upon which Plaintiffs reasonably relied, causing Plaintiffs injury. Plaintiffs' injury did not occur in 2008 when the bankruptcy court issued its findings. Rather, the injury occurred when they

received unmarketable title to the villa. Plaintiffs could have filed suit immediately upon discovery of the fraud in February of 2005; they did not have to wait.

Plaintiffs' cause of action for fraud accrued on or about February 17, 2005 and expired three years later. Plaintiffs filed this suit on May 29, 2009, well beyond the three-year limit. Accordingly, Plaintiffs' first cause of action for fraud is **DISMISSED.**

B.    Plaintiffs' Second Cause of Action for Imposition of a Constructive Trust

Plaintiffs' second cause of action seeks to impose a constructive trust on the purchase money paid by Plaintiffs to H&G for the villa. This cause of action is also time barred.

The statute of limitations on a constructive trust is the statute of limitations on the underlying substantive right. Embarcadero Mun. Improvement Dist. v. County of Santa Barbara, 88 Cal. App. 4th 781, 793 (2001) (citing Davies v. Krasna, 14 Cal. 3d 502, 516 (1975)). "If that substantive right is barred by the statute of limitations, the remedy necessarily fails." Id. Here, the underlying substantive right is an action for fraud, because Plaintiffs seek to impose a constructive trust upon the fraudulently obtained purchase money. But the fraud claim, as explained above, is time barred. Accordingly, Plaintiffs' second cause of action for imposition of a constructive trust is **DISMISSED.**

C.    Plaintiffs' Third Cause of Action for Equitable Subrogation and Indemnification

In their third cause of action, Plaintiffs allege that they are entitled to repayment from Defendants for attorneys fees and costs associated with defending the bankruptcy court's avoidance action and related hearings, loss of use of approximately $2,300,000 in cash security posted for the appeals bond, and attorneys fees and costs associated with the present suit. Plaintiffs have also appealed a $1.5 million judgment for remedial and coercive sanctions entered against them by the bankruptcy court. And if Plaintiffs are unsuccessful in their appeal and must pay the bankruptcy trustee or its assignee $1.5 million, Plaintiffs would seek repayment for this additional amount.

Defendants contend that Plaintiffs' action for equitable subrogation is time barred

because it accrued in February of 2005 when Plaintiffs were added to the avoidance action. Since the applicable statute of limitations, Defendants assert, is four years, Plaintiffs have not filed their suit within the limitations period and their claim should be dismissed.

The Court disagrees with Defendants and finds that Plaintiffs have stated a claim for equitable subrogation and indemnification. The statute of limitations for an equitable subrogation and indemnification claim is determined by the nature of the right sued upon, not the form of action or relief demanded. See Hensler v. City of Glendale, 8 Cal. 4th 1, 23 (1994). And a claim for equitable subrogation accrues when the plaintiff actually pays the sum for which subrogation is sought. See People ex rel. Dep't of Transportation v. Superior Court, 26 Cal. 3d 744, 751 (1980).

In this case, the nature of the right sued upon is fraud, which has a three-year statute of limitations. Cal. Civ. Proc. Code §§ 335, 338(d). According to the Plaintiffs, they have incurred costs in connection with defending the avoidance action in bankruptcy court and with filing the present action. (FAC ¶ 28-31, 47-48.) And Plaintiffs may incur substantially more costs if the $1.5 million judgment against them is affirmed. Although the FAC does not specifically allege the dates and amounts paid by Plaintiffs in connection with these cases, the Court is required to construe the FAC in the light most favorable to Plaintiff and make all reasonable inferences in its favor. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). The Court, therefore, may properly infer that Plaintiffs have made payments in connection with defending the avoidance action and filing the present action during the three years prior to filing the present suit.

Accordingly, the Court concludes that Plaintiffs have stated a claim for equitable subrogation and indemnification and Defendants' Motion to Dismiss the third cause of action for equitable subrogation and indemnification is **DENIED**.

D.  <u>Plaintiffs' Fourth Cause of Action for Negligence Per Se</u>

Plaintiffs' fourth cause of action is for negligence per se based on Defendants Jerry and Donna Icenhower's failure to comply with a 2003 order to re-register a lien on the villa

property. The order was intended to protect Plaintiffs, they claim, and as a result of Defendants' non-compliance with the order, Plaintiffs suffered injury. Plaintiffs also make a similar claim regarding Defendants' failure to timely disclose to the bankruptcy court the existence of the villa property and Plaintiffs' purchase money. Defendants had a statutory duty to disclose the information, they argue, and their failure to do so caused Plaintiffs injury.

Defendants argue that Plaintiffs' cause of action for negligence is time barred, and the Court agrees. The statute of limitations for negligence actions is two years. Cal. Code Civ. Proc. § 335.1. Even with the benefit of the discovery rule, Plaintiffs' cause of action accrued in February of 2005, when Plaintiffs learned that Defendants had failed to comply with the 2003 order to re-register a lien on the villa property and had not truthfully disclosed their assets in their Chapter 7 case. Both of these facts were included in the first amended complaint for avoidance filed against them, triggering accrual of Plaintiffs' cause of action for negligence. See In re Icenhower (Davis v. Icenhower), No. 04-90392 at ¶¶ 18, 30 (Bankr. S.D. Cal. February 17, 2005) (first amended complaint for avoidance).

Plaintiffs argue that the three-year statute of limitations for fraud applies to this action, and that the cause of action did not accrue until the bankruptcy court issued its findings in 2008. Plaintiffs are incorrect on both points. In this cause of action, Plaintiffs have claimed that the Defendants owed Plaintiffs a duty, which Defendants breached, resulting in injury to Plaintiffs. These are the elements of a negligence action—not one for fraud. Accordingly, the two-year statute of limitations for negligence actions applies. See Hensler, 8 Cal. 4th at 23 ("[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations . . ."). But even if the three-year limitations period did apply, under the discovery rule the cause of action for negligence per se accrued in 2005 when Plaintiffs learned of Defendants' failure to comply with the applicable order and bankruptcy laws. Thus, even with the benefit of a three-year statute of limitations Plaintiffs' action would still be time barred.

Plaintiffs failed to file suit within the limitations period for their fourth cause of action and therefore the Court **DISMISSES** Plaintiffs' negligence per se claim with prejudice.

D.     Plaintiffs' Tolling Argument

In their Opposition to Defendants' Motion to Dismiss, Plaintiffs argue that the statute of limitations should be tolled because the FAC alleges Defendants participated in a conspiracy to defraud Plaintiffs. Plaintiffs invoke the last-overt-act doctrine, which states that "when a civil conspiracy is properly alleged and proved, the statute of limitations does not begin to run on any part of a plaintiff's claims until the 'last overt act' pursuant to the conspiracy has been completed." Wyatt v. Union Mortg. Co., 24 Cal. 3d 773, 786 (1979). "Just as the statute of limitations does not run against an action based on fraud so long as the fraud remains concealed, so ought the statute to be tolled even after the fraud is discovered, for so long as the sheer economic duress or undue influence embedded in the fraud continues to hold the victim in place." Id. at 788. Defendants did not respond to this argument in their reply.

Nevertheless, the Court finds that the last-overt-act doctrine does not toll Plaintiffs' claims. The FAC does not allege a cause of action for conspiracy and, therefore, Plaintiffs cannot invoke the doctrine. State ex rel. Metz v. CCC Information Servs., Inc.,149 Cal. App. 4th 402, 419 (2007) (holding that in order to invoke last overt act doctrine plaintiff's complaint must allege elements of conspiracy). But even if the FAC did properly allege conspiracy, the FAC does not allege any overt acts in furtherance of a conspiracy that occurred after 2004 when Plaintiffs paid Defendants for the villa. On the face of the FAC, any alleged conspiracy to defraud Plaintiffs ended in 2004 once Defendants received the purchase money for the villa from Plaintiffs.

Plaintiffs, however, assert in their Opposition that Defendants' continued possession of Plaintiffs' purchase money constitutes a last overt act. This argument is unconvincing. First, that allegation did not appear in the FAC itself, and the factual allegations in the complaint—not the allegations in Plaintiffs' Opposition—are the basis for the Court's ruling on a Motion to Dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 155 n.19 (9th Cir. 1990). And second, continued possession of the purchase money is not an overt act. See Livett v. F.C. Fin. Assocs., 124 Cal. App. 3d 413, 419 (1981) (In a civil

conspiracy case, "[o]nce [the] offense has been completed, the statute of limitations on the conspiracy commences running, and subsequent conduct related to the conspiracy, such as flight or concealment, do not constitute 'overt acts' sufficient to recommence the statutory period."); accord People v. Zamora, 18 Cal. 3d 538, 558-59 (1976) (same holding in criminal context). Accordingly, Plaintiffs have failed to allege facts sufficient to invoke the last-over-act doctrine.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. The Court **DISMISSES** the first cause of action for fraud, the second cause of action for imposition of a constructive trust, and the fourth cause of action for negligence per se. The Court **DENIES** the Motion to Dismiss regarding the third cause of action for equitable subrogation and indemnification. The Court grants Plaintiffs leave to file a second amended complaint which sets forth an overt act that would toll the statute of limitations. Any amended complaint must be filed within 15 days of the filing of this order. If Plaintiffs do not file an amended complaint within the prescribed time, the Court shall order the Clerk to enter judgment dismissing first, second, and fourth causes of action with prejudice. Defendant shall file an answer within 35 days of filing of this order.

**IT IS SO ORDERED.**

DATED: October 28, 2009

Honorable Barry Ted Moskowitz
United States District Judge