UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA MARGARITA BARBA DE LA TORRE and ALEJANDRO DIAZ,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JERRY L. ICENHOWER, et al.,<br><br>　　　　　Defendants. | Case No. 09cv1161-BTM (BLM)<br><br>**ORDER DENYING MOTION TO EXTEND LITIGATION DATES AND MOTION REQUESTING A STAY**<br><br>[ECF Nos. 89, 94] |

　　　　On July 28, 2011, Defendant Donna Icenhower filed a motion to continue all pending deadlines and conference dates, as well as two expired deadlines, for six months. ECF No. 89. In support, Mrs. Icenhower states that she cannot adequately represent herself until her husband is released from prison and can assist her in this litigation. Id. at 2-3. Pursuant to this Court's briefing schedule (ECF No. 90), the Hobert Icenhower Defendants timely filed a response in opposition to the motion on August 4, 2011 (ECF No. 91), and the Plaintiffs timely filed a response in support of the motion on August 4, 2011 (ECF No. 92). On August 5, 2011, Defendant Jerry Icenhower filed a motion requesting a stay of all proceedings until January 21, 2012, his projected prison release date. ECF No. 94. In support, Mr. Icenhower states that prison restrictions impede his ability to participate in the discovery and pretrial process and he is therefore unable to properly represent himself while incarcerated. Id. at 2.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 73 at 7 (stating that dates "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Although "the focus of the inquiry is upon the moving party's reasons for seeking modification," a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, "[i]f [the moving] party was not diligent, the inquiry should end." Id.

Here, the Court issued a Rule 16 scheduling order on October 1, 2010, setting forth discovery and pretrial deadlines. ECF No. 73. Subsequently, in March 2011, Plaintiffs requested that all pretrial dates "be modified and extended for a minimum of 90 and a maximum of 120 days" due to Mr. Icenhower's inability or unwillingness to cooperate prior to the resolution of his criminal case. ECF No. 85. Four months after the Court granted Plaintiffs' request and continued all dates approximately 90 days (ECF No. 86), Defendants Donna and Jerry Icenhower filed the instant motions. Because Defendants Donna and Jerry Icenhower are attempting to further modify the Court's pretrial dates, they must establish good cause justifying their request.

Mrs. Icenhower asserts that she cannot afford an attorney and her "only resource" is her currently incarcerated husband, "who could explain what happened and which documents can assist in [their] case preparation." ECF No. 89 at 3. Mr. Icenhower, however, is not expected to be released for approximately six months, and Mrs. Icenhower states that "he is denied access to all of the documents needed for this case" while he is in prison. Id. Mrs. Icenhower therefore argues that she will be "precluded from properly representing [herself]" unless the Court grants her request for a six-month continuance of all pretrial dates. Id. at 3-4. Similarly, Mr. Icenhower states that he cannot effectively defend himself until he is released from prison and has access to "pertinent and relevant discovery information," including documents, court records, and

potential witnesses. ECF No. 94 at 2.

Plaintiffs do not oppose Mrs. Icenhower's proposed six-month continuance. ECF No. 92. Counsel for Plaintiffs states that Mr. Icenhower's testimony is "essential" to the prosecution of Plaintiffs' claims and the defense of the Hobert Icenhower Defendants' counterclaim, but it has been exceedingly difficult to make arrangements to depose Mr. Icenhower since his incarceration. ECF No. 92, Gaston Decl. ¶¶ 5-7, 9-12. The Hobert Icenhower Defendants, on the other hand, vehemently oppose any further continuance. ECF No. 91. Although counsel for Plaintiffs avers that "Plaintiffs have not delayed in the prosecution of this matter" (ECF No. 92, Gaston Decl. ¶ 11), the Hobert Icenhower Defendants stress that Plaintiffs have neither taken any depositions nor designated any experts even though "[i]t has been over two years since this case was filed." ECF No. 91 at 2.

Defendants Donna and Jerry Icenhower do not represent, nor does the Court find, that they have acted with reasonable diligence in moving this case forward. See Noyes, 488 F.3d at 1174; Coleman, 232 F.3d at 1294. This case commenced in May 2009, and Mrs. Icenhower, who has represented herself from the outset of this action, cannot now rely on Mr. Icenhower's incarceration to free her from fulfilling her pretrial obligations. Similarly, Mr. Icenhower's incarceration does not justify his non-compliance with this Court's Orders, particularly because he did not self-surrender until March 7, 2011. See ECF No. 85, Gaston Decl. ¶ 3. Although both Mr. Icenhower and counsel for Plaintiffs assert that Mr. Icenhower's incarceration makes conducting discovery difficult, neither party sufficiently explains precisely how or why they are incapable of engaging in discovery and moving this case forward. The Court acknowledges that Mr. Icenhower's incarceration complicates this litigation, but the parties are not prohibited from deposing Mr. Icenhower while he is in prison. Not only did this Court permit Plaintiffs to take Mr. Icenhower's deposition on shortened notice prior to the commencement of his custodial sentence, the Court also explicitly stated that Plaintiffs may file a motion to depose Mr. Icenhower in custody. ECF No. 84. Although Defendants Donna and Jerry Icenhower, along with Plaintiffs, suggest that this action will proceed more easily once Mr. Icenhower is released, Mr. Icenhower's January 21, 2012 release date is not guaranteed, and this Court declines to

grant the parties another lengthy extension premised upon an uncertain future.

The Court finds that Defendants Donna and Jerry Icenhower have failed to show the requisite reasonable diligence and good cause to modify the Court's scheduling order.  <u>Johnson</u>, 975 F.2d at 609 ("[i]f [the moving] party was not diligent, the inquiry should end.").  Accordingly their respective motions to extend the pretrial dates and/or stay the case are **DENIED**.  All dates and deadlines remain as currently set.  <u>See</u> ECF No. 86.

**IT IS SO ORDERED.**

DATED: August 18, 2011

*/s/ Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge